UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME BUTLER,<br><br>    Petitioner,<br><br>    v.<br><br>GISELLE MATTESON, Warden,<br><br>    Respondent. | No.  2:21-cv-0032-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

   Petitioner is a state prisoner proceeding with counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was filed on January 6, 2021.  ECF No. 1. The same day, petitioner's counsel filed a motion to stay the case, because petitioner, whose state criminal case has not yet become final, has not exhausted his claims in state court as required by 28 U.S.C. § 2254(b).  ECF No. 2.  Respondent opposes the stay.  ECF No. 8.

   **I.     Governing Law**

   Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal

law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id*. (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, a court will generally dismiss the petition without prejudice, allowing the petitioner to return to state court to exhaust the claim and then refile the federal petition. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Alternatively, the petitioner may ask the federal court to stay its consideration of the petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after

exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. The U.S. Court of Appeals for the Ninth Circuit has held that the petitions raising entirely unexhausted claims may also be stayed under the *Rhines* procedure. *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016).

*Rhines* did not describe the criteria for determining whether good cause for failure to exhaust exists. The Ninth Circuit has found that good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). A petitioner shows good cause by providing the court with a reasonable excuse, supported by evidence, that justifies the failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion . . . will ordinarily constitute 'good cause' [under *Rhines*]. . . ."); *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2014) (lack of counsel in state post-conviction proceedings constitutes good cause under *Rhines*).

3

## II. Analysis

Petitioner's rationale for filing this action before his state criminal proceedings have even concluded is not clear. He argues that there is good cause under *Rhines* for staying the case because "the California Court of Appeal affirmed the judgment [of conviction], except that it remanded in part to allow the trial court to exercise its discretion whether to dismiss the enhancements pursuant to Senate Bill 1393 and Senate Bill 620" and because state proceedings are ongoing, the AEDPA limitations period has not begun. ECF No. 2 at 3. How these facts demonstrate "a reasonable excuse" supported by evidence is unclear.

As respondent points out, the U.S. Supreme Court has instructed that stay and abey orders "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. Thus, the court must not construe "good cause" in such a way that stay orders under *Rhines* are routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Granting a stay where petitioner's criminal proceedings have not even become final would open the door to routine preemptively-filed federal petitions and would run contrary to the AEDPA goals identified by the Court in *Rhines*. 544 U.S. at 276-77 (two goals of AEDPA are: (1) reducing delays in executing state and federal criminal sentences and (2) streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court). Petitioner has not shown good cause for a stay.

## III. Recommendation and Order

For the foregoing reasons, it is hereby ORDERED that the Clerk shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that petitioner's January 6, 2021 motion to stay (ECF No. 2) be denied and the petition be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

4

objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: April 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE